UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAREN M. FUSILIER,

    Plaintiff,

    v.

STATE OF KANSAS, et al.,

    Defendants.

Case No. 25-4132-JWB-BGS

**MEMORANDUM & ORDER GRANTING
MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES and
DENYING REQUEST FOR COUNSEL**

This matter comes before the Court on Plaintiff Karen Fusilier's Motion to Proceed without Prepayment of Fees, which requests leave for Plaintiff to proceed *in forma pauperis* ("IFP"). Doc. 3, sealed. Plaintiff also filed a Motion for Appointment of Counsel. *See* Doc. 4. For the reasons set forth herein, Plaintiff's IFP application, Doc. 3, is **GRANTED** while her request for counsel, Doc. 4, is **DENIED**.

**I.**    **Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an *IFP* motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding *IFP* "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny *IFP* status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

1

Based on the financial information provided by Plaintiff in her motion (Doc. 3, sealed) and affidavit of financial status (Doc. 3-1, sealed), the Court finds that her financial situation, when taking into account any income as well as debts and financial obligations, establishes her inability to pay the required filing fee and her access to the court would be significantly inhibited if this motion was not granted. Thus, the Court **GRANTS** her motion to proceed without prepayment of fees (Doc. 3, sealed).

Because of the Court's contemporaneously filed Report & Recommendation of dismissal to the District Court, the undersigned Magistrate Judge directs that the Clerk shall <u>not</u> issue summons for service upon the Defendants at this time.

## II.     Request for Counsel.

There is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

When deciding whether to appoint counsel, the Court considers the following factors: (1) the merit of the party's claims; (2) the nature and complexity of the factual and legal issues; and (3) the party's capacity to prepare and present the case without the aid of counsel. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The Court also considers whether the party can afford counsel and whether the party has made a diligent effort to retain an attorney. *Hasenbank v. Gronniger*, No. 20-4082-JTM-ADM, 2020 WL 8482984, at *1 (D. Kan. Dec. 21, 2020). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer

counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

The above factors weigh against appointing counsel. First, regarding the merits of Plaintiff's case, "[t]he burden is on the applicant to convince the court that there is sufficient merit to [their] claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). In a separate order, the undersigned recommended dismissal of Plaintiff's case because her complaint does not state a claim upon which relief may be granted. The Court incorporates that analysis by reference. Thus, the Court does not find that Plaintiff has met her burden to show that there is sufficient merit to warrant the appointment of counsel.

Second, the Court must consider the nature and complexity of the factual and legal issues. The threshold problem for Plaintiff is not that the dispute presents unusually complicated questions that requires counsel to navigate. Rather, Plaintiff's filings do not identify the operative facts underlying her claims, the specific conduct at issue, or each Defendant's role. Without a coherent factual narrative, the Court cannot meaningfully assess whether the matter involves complex issues requiring counsel. This is an issue that counsel would not resolve unless Plaintiff can articulate a cognizable factual basis for any claim. Accordingly, the second factor does not support appointment of counsel.

Third, the next factor the Court will consider is Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the Plaintiff's ability to gather and present crucial facts as well as the complexity of the case. *Id.* at 1422. Merely alleging that counsel could assist in presenting the "strongest possible case" does not justify granting such a motion. *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008). Here, this factor does not support the appointment of counsel. Plaintiff has been able to initiate this action, complete and file court-approved forms, and

3

submit multiple written filings, including the present motion requesting counsel. While Plaintiff's complaint suffers from Rule 8 pleading deficiencies, those deficiencies do not reflect an inability to communicate with the Court; they reflect a failure to provide the basic factual allegations required to state a claim and establish jurisdiction. And the initial step the Court requires—articulating a short, plain narrative of what occurred and what each defendant allegedly did—is a task routinely performed by pro se litigants without appointed counsel.

Finally, Plaintiff must show diligence in searching for counsel. She must show that she "made a reasonably diligent effort under the circumstances to obtain an attorney." *Martinez v. Pickering*, No. 22-CV-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022). The Court typically requires the movant to confer with at least five attorneys, not merely contact them. *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D. Kan. Sept. 28, 2021). Plaintiff has not made the showing this Court typically requires. She left the attorney-contact section blank—providing no names, firms, dates, methods of contact, or responses received. Nor did Plaintiff supply any explanation elsewhere in the motion describing efforts to retain counsel or any circumstances excusing the lack of contacts. Because Plaintiff has provided zero information demonstrating that she made a reasonably diligent effort to obtain counsel before requesting appointment, she has not satisfied this prerequisite consideration. This failure independently supports denial of the motion.

Considering the relevant factors, the Court declines to appoint counsel in this matter. At this preliminary screening stage, Plaintiff has not shown that her claims have sufficient merit to justify the rare appointment of volunteer counsel, and the case does not presently present factual or legal issues of such complexity that counsel is necessary. Further, Plaintiff has demonstrated the ability to file pleadings and motions on her own. In addition, Plaintiff has not shown any diligence in attempting to secure counsel. Accordingly, the motion to appoint counsel is denied.

### III.   Conclusion

The Court finds that the Plaintiff may proceed without the prepayment of fees. Further, because the Court finds that all of the above factors weigh against appointing counsel, Plaintiff's motion to appoint counsel is **denied**.

**IT IS THEREFORE ORDERED** that Plaintiff's IFP motion, Doc. 3, is **GRANTED**. Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff may commence this action without prepayment of fees.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. 4, is **DENIED**.

**IT IS FURTHER ORDERED** that, because of the Court's contemporaneously filed Report & Recommendation of Dismissal, the Clerk shall <u>not</u> issue summons for service upon the Defendants at this time.

**IT IS SO ORDERED**.

Dated January 27, 2026, at Wichita, Kansas.

/s/ Brooks Severson
Brooks G. Severson
United States Magistrate Judge