IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAREN M. FUSILIER,

        Plaintiff,

v.                                                     Case No. 25-4132-JWB

STATE OF KANSAS, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's objection (Doc. 8) to Magistrate Judge Brooks Severson's Report and Recommendation ("R&R") (Doc. 7) recommending that the court dismiss this matter for failure to state a claim and lack of subject matter jurisdiction. For the reasons stated herein, the court ADOPTS the R&R, OVERRULES Plaintiff's objection and DISMISSES the complaint.

**I.      Facts and Procedural History**

Plaintiff filed her case on December 30, 2025. (Doc. 1.) Plaintiff's complaint lists approximately 67 defendants. As for the claims she asserts, Plaintiff attached an exhibit to her complaint entitled "A List of Crimes which the State (Allegedly) Commits Against Us in the Family Courts [sic]." (Doc. 1-1 at 1.) This list appears to allege approximately 81 claims under the United States Constitution, both civil and criminal federal statutes, and a plethora of state law claims. (*Id*. at 1–7.) But Plaintiff does not provide any specific statutory basis for her claims. Rather than providing a short and plain statement, Plaintiff attached several pages that function as little more than an annotated index of federal statutes and broad legal categories. For example, the attachment lists in bullet-point fashion "18 U.S.C. § 1510 – Obstruction of Criminal Investigation"

1

with nothing more—no cross-referenced factual allegation, no named defendant, and no explanation of how that statute was allegedly violated.  (*Id*. at 1.)  Other entries appear to have been circled or underlined, such as "18 [U.S.C. §] 1035 – False Statements relating to healthcare," though it is unclear whether Plaintiff intends to pursue only the circled provisions, only the underlined ones, or all of them.  (*Id*. at 4.)  In any event, none of these entries are accompanied by or cross-referenced to supporting facts, and none are tied to any particular defendant.  The only date listed in the complaint is a general range from "2021–2025," to which no accompanying event or conduct is alleged.  (Doc. 1 at 5.)

Plaintiff seeks actual and punitive damages and in support merely states, "loss of property," "loss of freedom," and "will present evidence with counsel."  (Doc. 1 at 6.)  Along with her complaint, Plaintiff filed a motion to proceed in forma pauperis and a motion for appointment of counsel.  (Docs. 3, 4.)  Magistrate Judge Severson granted Plaintiff's motion to proceed in forma pauperis and denied her motion for appointment of counsel.  (Doc. 6.)

When a Plaintiff proceeds in forma pauperis, a court may screen the complaint under 28 U.S.C. § 1915(e)(2) to determine if it states a claim on which relief may be granted.  Magistrate Judge Severson did so and entered an R&R on January 27, 2026, recommending that the complaint be dismissed since conclusory allegations of jurisdiction are insufficient to establish subject matter jurisdiction and, further, her complaint otherwise failed to state a claim upon which relief can be granted.  (Doc. 7.)  On February 6, 2026, Plaintiff timely filed her objections.  (Doc. 8.)

## II.     Standard

R&R Standard of Review.  On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A failure to properly object, however, leaves a party with no entitlement to

appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition be both timely and specific to preserve an issue for de novo review by the district court.") (internal quotations omitted). When reviewing a magistrate judge's ruling on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Rule 12(b)(6) Standard. A complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At the motion to dismiss stage, the court accepts all well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Albers v. Bd. Of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Pro Se Party. Because Plaintiff is proceeding pro se, the court is to liberally construe her filings. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on her behalf. *Id*. Pro se plaintiffs must follow the same rules of procedure that govern represented litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## III.    Analysis

As an initial matter, Plaintiff's objections fail to specifically address Magistrate Judge Severson's R&R. Plaintiff's objection makes no reference to the majority of the defendants named

3

in her complaint—including the State of Kansas, the Sedgwick County District Attorney, assistant district attorneys, the Wichita City Attorney, and numerous judges and other individuals.  Because Plaintiff has not specifically objected to Magistrate Judge Severson's findings with respect to those defendants, the court may review that portion of the R&R under any standard it deems appropriate. *Williams*, 2019 WL 6167514 at *1.  However, even conducting de novo review, the court finds no basis to disturb the magistrate judge's conclusions.  With regard to subject matter jurisdiction, Plaintiff's complaint merely lists a number of federal and state claims without tying any of them to a specific fact or defendant.  (Doc. 1-1.)  Thus, the court cannot determine a basis for jurisdiction on the face of the complaint.  *See Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) (holding a "laundry list of statutes without any explanation of how they provide federal-question jurisdiction" fails to establish subject matter jurisdiction); Adkins v. Koduri, 2016 WL 5745550, at *2 (D. Kan. Oct. 3, 2016), *aff'd*, 688 F. App'x 589 (10th Cir. 2017) ("[C]iting [a] number of a federal statutes fails to establish subject matter jurisdiction on all accounts, even under the most liberal construction of plaintiff's Complaint.").

Even if the court were to conclude it has subject-matter jurisdiction, dismissal would still be warranted because the complaint fails to state a claim on which relief may be granted.  As the R&R correctly observed, Plaintiff's complaint contains no factual allegations identifying what any of those defendants did, when they did it (outside of referencing "2021–2025"), or how their conduct violated Plaintiff's rights.  (Doc. 1 at 5.)  A complaint that fails to include specific allegations tying individual defendants to particular acts cannot state a claim for relief.  *Wenger v. Johnson*, 2024 WL 4625541, at *7 (D. Kan. Oct. 30, 2024) (dismissing claims because there were "no specific allegations referring to the remaining defendants").  Accordingly, Plaintiff has failed to carry her burden of establishing that this court has subject matter jurisdiction over any claims

4

asserted against those defendants.   And assuming this court has subject matter jurisdiction, Plaintiff's complaint fails to state a claim.

Plaintiff does name and discuss three defendants in her objection, that the court deems appropriate to briefly address.  One defendant Plaintiff discusses is Patria Cotton. In her objection, Plaintiff alleges that Ms. Cotton lied under oath during a state court proceeding—claiming, among other things, that Plaintiff parked on Ms. Cotton's property, cut her fence, and emailed her witness. (Doc. 8 at 2–3.)  Plaintiff further alleges that Ms. Cotton engaged in witness tampering.  Even accepting these allegations as true, however, they do not cure the deficiencies identified in the R&R.  Plaintiff's objection does not identify any federal statute or constitutional provision that Ms. Cotton allegedly violated, nor does it explain how Plaintiff's claims against a private individual give rise to federal subject matter jurisdiction.  The basis for jurisdiction "must appear on the face of a plaintiff's well-pleaded complaint." *Coando v. Coastal Oil & Gas Corp.*, 44 F. App'x 389, 395 (10th Cir. 2002) (quoting *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986)).  To the extent Plaintiff alleges misconduct in prior state actions, this court would also lack jurisdiction under the *Rooker-Feldman* doctrine.  *See Jackson v. Peters*, 81 F. App'x 282, 285–86 (10th Cir. 2003) ("federal district courts do not have jurisdiction . . . over challenges to state-court decisions") (internal quotations omitted).  Accordingly, Plaintiff's objections with respect to Ms. Cotton do not demonstrate error in the R&R, and her claims against Ms. Cotton are dismissed.

Plaintiff also references Jeanize Winsor and Brent Winsor in her objection.  She alleges they "lasered [her]" while "circling [her] home" and made "numerous false police reports."  (Doc. 8 at 4.)  In what she describes as a "short version of why [she] need[s] this trial," Plaintiff alleges that the Winsor's let her horses out, poisoned her animals, tampered with her truck, tried to poison

her well water, attempted to break and enter her home, tried to electrocute her through her floors, and chased her horse at night with a drone.  (*Id*. at 5.)  These allegations do not constitute proper objections to the R&R.  Plaintiff does not identify the specific findings in the R&R she contends are erroneous.  For that reason, Plaintiff's objections are insufficient.  *See Williams*, 2019 WL 6167514 at *1.  But even crediting Plaintiff's allegations, they still fall short of the applicable pleading standard.  *See* Fed. R. Civ. P. 8.  Plaintiff does not identify a cognizable federal cause of action arising from any of these alleged acts, nor does she tie any specific legal theory of liability to the Winsors' alleged conduct in a manner sufficient to establish subject matter jurisdiction or state a plausible claim for relief.  A collection of allegations, without a coherent legal framework connecting them to recognized causes of action and particular defendants, fails to satisfy the pleading standards outlined in Rule 8.  *Id*.  Her claims against the Winsors are therefore dismissed.

In sum, the court agrees with Magistrate Judge Severson's analysis concluding Plaintiff has not carried her burden to establish subject-matter jurisdiction.  Further, Plaintiff has not provided a short and plain statement showing entitlement to relief, the complaint fails to comply with Rule 8 and fails to state a claim.  Her claims are therefore rightly dismissed.

## IV.    Conclusion

THEREFORE, Magistrate Judge Severson's R&R (Doc. 7) is hereby ADOPTED and this matter is DISMISSED without prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED.  Dated this 24th day of March 2026.

___s/ John Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE